UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**EDWARD PETERS**                                                                                       **PLAINTIFF**

v.                                             Case No. 5:22-CV-5029

**LISA WOODS, as successor trustee of the
Edward B. Grimes Residuary Trust, and the
Esther G. Grimes Residuary Trust**                                                       **DEFENDANT**

## OPINION AND ORDER

Currently before the Court are Defendant Lisa Woods's Motion to Lift Stay, to Substitute Parties and for Leave to File a Motion to Dismiss (Doc. 78), Plaintiff Edward Peters's Response in Opposition (Doc. 79), and Ms. Woods's Reply in Support (Doc. 82). Also before the Court are Ms. Woods's Supplemental Motion (Doc. 87) and Second Supplemental Motion (Doc. 88). For the reasons given below, all three motions are **GRANTED**.

The underlying dispute in this case is essentially one over inheritance between two siblings: Mr. Peters and Ms. Woods. Ms. Woods is the successor trustee of their deceased parents' residuary trusts. Mr. Peters brought this action alleging that Ms. Woods breached her fiduciary duty to him by failing to distribute to him any assets from either trust, and by failing to provide him any accountings for those trusts. The procedural history of this dispute is extremely complicated, involving multiple lawsuits in multiple venues across multiple states, in both state and federal court. For the sake of brevity, the Court will avoid recounting the vast majority of this history, because most of it is not germane to the issues raised in the instant motions.

1

The critical procedural fact here is that in one of the lawsuits between these parties—in the Probate Division of the Circuit Court for Benton County, Arkansas—Ms. Woods obtained a judgment against Mr. Peters in the amount of $5,023,810.94.  *See* Doc. 78-1 (*Lisa Woods v. Edward Peters, et al.*, Case No. 04PR-19-356, Judgment (Benton Cnty. Cir. Ct. Jan. 17, 2023)).  Mr. Peters took an appeal from that judgment, but failed to post a bond to stay execution of that judgment.  Thus Ms. Woods obtained a writ of execution from the Benton County Probate Clerk, *see* Doc. 78-2, setting in motion a chain of events which culminated in her purchase of Mr. Peters's rights to the instant "chose in action" pending in this federal Court, at a public auction conducted by the Benton County Sheriff on April 23, 2024, *see* Docs. 78-4, 78-5.  A month and a half later, Ms. Woods filed in this Court her Motion to Lift Stay,[1] to Substitute Parties and for Leave to File a Motion to Dismiss (Doc. 78), arguing that she, rather than Mr. Peters, is now the proper plaintiff in this case since she purchased his rights to prosecute this lawsuit against herself.

Mr. Peters opposes Ms. Woods's motion, on three grounds.  First, he argues that her motion was premature because his appeal from her judgment was still pending; if his appeal were successful, then that could nullify her purchase of the instant chose in action.  Second, he contends that under Arkansas law, her purchase of this chose in action was invalid because unliquidated tort claims like those he brought in the instant case cannot

---

[1] This Court had previously entered a stay of this matter pending resolution of the appeal in the underlying probate litigation.  *See* Doc. 77.  The stay was subsequently lifted on August 12, 2024 in order to reassign the case to the undersigned judge, *see* Doc. 83, and apparently was never reimposed.  Therefore, the request for the stay to be lifted is moot.

2

be assigned. And third, Mr. Peters maintains that Ms. Woods is not a proper plaintiff in this action under Federal Rule of Civil Procedure 25.

The first of Mr. Peters's arguments, however meritorious it may have initially been, has since been mooted by subsequent events. Mr. Peters eventually lost his appeal, *see* Docs. 87-1, 87-2, and the Arkansas Court of Appeals has entered its mandate affirming the judgment against him, *see* Docs. 88-1, 88-2. (Informing this Court of these events was the sole purpose of Ms. Woods's Supplemental and Second Supplemental Motions, *see* Docs. 87, 88, to which Mr. Peters never responded.)

Mr. Peters's second argument requires a bit more discussion. He cites a line of cases for the well settled principle that "[t]ort claims . . . are excluded from the scope of assignments permitted under Arkansas law." *In re Nail*, 446 B.R. 292, 298–99 (B.A.P. 8th Cir. 2011). The problem for Mr. Peters, though, is that we are not dealing here with an assignment; we are dealing with an execution on a judgment. In Arkansas, "an assignment is an expression of intention by assignor that his rights shall pass to the assignee." *Stuttgart Reg. Med. Ctr. v. Cox*, 343 Ark. 209, 214–15, 33 S.W.3d 142, 145 (2000) (internal alteration omitted). But Mr. Peters never expressed any such intention to transfer his rights to Ms. Woods. Instead, those rights were forcibly transferred from him to Ms. Woods via state action, pursuant to Arkansas statutory law.

The Arkansas statute authorizing execution of judgments states that the property "liable to be seized and sold under any execution upon any judgment, order, or decree of a court of record" includes "[a]ll goods and chattels not exempted in this subchapter." *See* Ark. Code Ann. § 16-66-201(1). For more than a century and a half, the Arkansas Supreme Court has defined the phrase "goods and chattels" to include "personal property,

3

*choses in action*, and chattels real." See *State v. Johnson*, 26 Ark. 281, 291, 1870 WL 806, at *6 (1870) (emphasis added). Accordingly, another Arkansas statute requires that "[w]henever any final judgment order of a court of record is entered against a judgment debtor, the judgment debtor shall prepare a schedule, verified by affidavit, of all the judgment debtor's property, both real and personal, including . . . *choses in action* held by the judgment debtor or others for the judgment debtor . . . ." Ark. Code Ann. § 16-66-221(a) (emphasis added). Choses in action are thus unquestionably subject to execution for satisfaction of judgments; and an unliquidated tort claim is unquestionably a chose in action, see *Gregory v. Colvin*, 235 Ark. 1007, 1008 (1963) (holding that "[p]etitioner's suit in tort is a 'chose in action,'" and that "[i]t is basic property law that a chose in action is personal property" because "[t]he right to sue for damages is property"). Therefore, and for example, in the case of *AgriBank, FCB v. Cupples*, the United States District Court for the Eastern District of Arkansas granted a lien against a judgment debtor's unliquidated tort claim for fraud because Arkansas law provides "authority . . . to attach a writ of execution to property in general," which necessarily "extend[s] to cover choses in action." See 850 F. Supp. 780, 782–83 (E.D. Ark. 1993). So this Court concludes that the transfer of the rights to Mr. Peters's chose in action pending in this federal court to Ms. Woods was a valid execution on a judgment under Arkansas law, notwithstanding the general prohibition in this state on assigning tort claims.

The Court turns now to Mr. Peters's final argument against Ms. Woods's motion: that Ms. Woods is not a proper plaintiff in this action under Federal Rule of Civil Procedure 25(c). That rule provides:

> If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be

4

>substituted in the action or joined with the original party. The motion must
>be served as provided in Rule 25(a)(3).

Rule 25(a)(3), for its part, requires that motions to substitute be served on the parties as provided in Rule 5. *See* Fed. R. Civ. P. 25(a)(3). Mr. Peters's argument here is that Rule 25(c) uses the permissive "may" rather than the mandatory "shall," and that therefore this Court should not exercise its discretion to substitute Ms. Woods as the plaintiff in this action, because doing so would be unfair. The Court disagrees.

It is true that this Court has discretion to deny Ms. Woods's motion if it finds allowing substitution would be unfair. *See, e.g.*, *In re Baycol Prods. Litig.*, 616 F.3d 778, 783 (8th Cir. 2010). But the Court sees nothing unfair about allowing substitution here. Ms. Woods has executed on a valid judgment that she obtained against Mr. Peters in state court. Mr. Peters had the opportunity to directly contest that execution in state court and apparently chose not to do so. But he did avail himself of the opportunity to appeal the underlying judgment, and lost. Mr. Peters has received ample process on this issue. Denying Ms. Woods's motion at this point would simply undermine valid state court proceedings and result in significant waste of this Court's resources.

**IT IS THEREFORE ORDERED** that Defendant Lisa Woods's Motion to Lift Stay, to Substitute Parties and for Leave to File a Motion to Dismiss (Doc. 78), Supplemental Motion (Doc. 87), and Second Supplemental Motion (Doc. 88) are all **GRANTED**. The Clerk of the Court is **DIRECTED** to substitute Lisa Woods as the Plaintiff in this matter. Ms. Woods is **ORDERED** to file her motion to dismiss <u>**no later than February 19, 2025**</u>.

**IT IS SO ORDERED** on this 12th day of February, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE